Dear Mr. Smith:
As Executive Director for the Louisiana Seafood Promotion and Marketing Board (the Board), you submit an inquiry concerning Mr. Kevin Voisin, a new member of the board recently appointed by the governor. Your question is: may Mr. Voisin also hold the elected office of councilman for the Terrebonne Parish Consolidated Government? For the reasons discussed below, our answer is in the affirmative.
R.S. 56:578.2 provides for the creation and membership of the Louisiana Seafood Promotion and Marketing Board. Because a member's seat on the board "is specifically established . . . by the . . . laws of this state . . . and . . . is filled by appointment . . . by an elected or appointed public official. . . ." the position constitutes an "appointive office" under R.S. 42:62(2).
Further, one holds an appointive office on either a full-time or part-time basis. An appointive office is held on a full-time basis under R.S. 42:62(4) where "a person normally works or is expected to work . . . at least seven hours per day of work and at least thirty-five hours per week. . . ." Here, Mr. Voisin's position on the Board is held on a part-time basis under R.S. 42:62(5), defining "part-time" as "the period of time which a person normally works or is expected to work in an appointive office or employment which is less than the number of hours of work defined in [R.S. 42:62(4)] as full-time".
The foregoing discussion is pertinent to the application of the Dual Officeholding and Dual Employment Laws, R.S. 42:61, et seq. These laws prohibit the holding of certain combinations of appointive offices and/or employments. R.S. 42:63(D) states, in pertinent part: *Page 2 
 No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. . . .
While R.S. 42:63(D) prohibits one from holding elective office and full-time appointive office, the language of the statute does not prohibit one from holding elective office and part-time appointive office. Thus, the dual officeholding provisions pose no obstacle to Mr. Voisin's continued holding of both positions.
We also note that the home rule charter provisions governing the Terrebonne Parish Council state that "a council member shall hold no other elected public office. . . ." See Article II, Sec. 2-06(a), Terrebonne Parish Home Rule Charter. Because Mr. Voisin's membership on the Board constitutes appointive and not elective office, the home rule charter prohibition is inapplicable.
We conclude there is no legal impediment to Mr. Voisin's continued service in both positions.
We hope the foregoing is helpful to you. Should you have other questions in which we may provide assistance, please contact this office.
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL
 ATTORNEY GENERAL
 BY: __________________________
 KERRY L. KILPATRICK
 ASSISTANT ATTORNEY GENERAL
 KLK:arg